John ALFARONE, Joseph Giordano, and Brian Gordon, as Trustees of the Tapers Industry Insurance Fund and of the Tapers Industry Annuity Fund, Daniel Jones individually and as a participant in the Tapers Industry Insurance and Annuity Funds, and on behalf of all other persons who are, will be, or have at any time since July 1, 1980 been participants or beneficiaries in the said funds, similarly situated, and Union Appointed Trustees of the Tapers Industry and Annuity Funds, Plaintiffs-Appellants,

v.

BERNIE WOLFF CONSTRUCTION CORP., Employer Trustees of the Tapers Industry Insurance and Annuity Funds, Component Assembly Inc., Natasi-White, Inc., Circle Industries Corp., and Quick-Way Finishers Inc., Defendants-Appellees.

Nos. 867, 892 and 893, Dockets 85–7899, 85–7901 and 85–7997.

United States Court of Appeals, Second Circuit.

Argued March 10, 1986.

Decided April 14, 1986.

Hall & Sloan, New York City (Burton H. Hall, New York City, of counsel), for appellants.

Avram H. Schreiber, New York City, for appellee, employer trustees.

Kronish, Lieb, Shainswit, Weiner & Hellman, New York City (Brian J. Gallagher, New York City, of counsel), for appellee, Bernie Wolff Const. Corp.

Ruskin, Schlissel, Moscou, Evans & Faltischek, P.C., New York City (Richard Guy Leland, Mineola, N.Y., of counsel), for appellee, Component Assembly, Inc.

Albanese, Albanese & Fiore, Garden City, N.Y., for appellees, Nastasi-White, Inc., and Circle Industries Corp.

Before KEARSE and CARDAMONE, Circuit Judges, and POLLACK, Senior District Judge.[*]

MILTON POLLACK, Senior District Judge:

This litigation involves three actions brought by union-appointed trustees of the Tapers Industry Insurance Fund and the Tapers Industry Annuity Fund (the Funds), and by a participant and beneficiary of the Funds claiming individually and on behalf of others similarly situated, to recover fringe benefit contributions and liquidated damages allegedly due the Funds from employers. Plaintiffs also claim that the employer-appointed co-trustees who have been named as nominal defendants, breached their fiduciary duties by not joining as plaintiffs in the suits.

Jurisdiction is based on the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(e)(1) (1982).

The employers moved to dismiss the suits on the ground that the trust agreements involved require the plaintiffs to submit their complaints to arbitration in the first instance, and on the further ground that nothing was due to the Funds because none of the members of the Union were involved in the work which is the subject of the complaints.

The District Court, Nickerson, J., dismissed the suits on the grounds that the union-appointed trustees lacked standing to sue for recovery of allegedly delinquent contributions without first obtaining an arbitration decision directing the employer-appointed trustees to join them, and that the collective bargaining agreements, requiring payment of fringe benefit contributions, apply only to work performed by members of the Union.

Discussion

### I. *Background*

The employer-defendants and the Drywall Tapers and Pointers of Greater New York, Local Union 1974 (the Union), an arm of the construction industry, entered into ongoing collective bargaining agreements within the scope of § 8(f) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(f) (1982).

Each agreement covers all work defined therein as "Tapers' and Pointers' work," performed within a specified geographical area (New York City and parts of Nassau County). Each contains a Union shop clause requiring employees who are members of Local 1974 to remain members, and

---

[*] Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

requiring every journeyman or apprentice employed by an employer who is not a member to become a member of Local 1974 by the eighth day of his employment. Each also contains a no-subcontracting clause prohibiting employers from subcontracting any taping, pointing, or other covered work to any journeyman or to any employer not under contract with Local 1974.

In addition, each agreement obligates each employer to pay contributions to the Tapers Industry Insurance and Annuity Funds in weekly amounts measured by the wages of each employee who is a member of Local 1974 equal to 32% of the hourly wages received from the employer.

Each Fund is governed by six trustees, three appointed by the Union (Local 1974), and three by or on behalf of the employer-defendants. The trust agreements and the Taft-Hartley Act, 29 U.S.C. § 186(c)(5)–(8), require equal representation in the administration of the Funds, i.e., the operation and administration of the Funds is the joint responsibility of the Union-appointed and of the employer-appointed trustees (Art. III Trust Agreements).

The complaints set forth claims based on alleged delinquency in making payments to Local 1974 of the allegedly required contributions. Plaintiffs claim that the employers-defendants employed plasterers, members of Local 530 of the Operative Plasters and Cement Masons International Association to perform work which, pursuant to the collective bargaining agreements with Local 1974, should have been performed by its members and that because the work performed "belonged" to Local 1974, the employers-defendants were obligated to make contributions to the Funds, as if Local 1974 members had been employed.

No claim is made by plaintiffs that Local 1974 members have performed work for which benefit contributions are due; nor do they claim that the employers have hired non-union workers. The core claim is that the kind of taping work done for the employers by Local 530 belonged to Local 1974. The employers' position is that they employed subcontractors, whose employees were members of Local 530, to perform such taping work in accord with an allocation of work made for the unions respectively by the 1978 Hearings Panel Decision. The long-standing jurisdictional dispute between the two unions as to their respective spheres of drywall work was decided in *Drywall Tapers & Pointers v. Operative Plasterers' Association,* 601 F.2d 675 (2d Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980).

## II. *Trustees' Suits*

The trustees of the Funds are evenly divided on whether there is any delinquency in contributions due Local 1974 and whether suit against the employers is justified; the three employer-appointed trustees have refused to authorize these suits. The trust agreements provide for arbitration in the event of such deadlock. However, the Union-appointed trustees failed to pursue this administrative remedy before bringing these actions.

The trust agreements provide that the trustees may take any action necessary to enforce payment of the contributions due thereunder including, but not limited to, proceedings at law and in equity. However, the agreements specify that "all action by the Trustees shall be by majority decision." Moreover, in the event of a deadlock, the trustees must submit any dispute to arbitration.

The trust clauses prescribing majority action by the trustees as to all aspects of the agreements read:

Such majority vote shall govern not only this Article but any portion of this Agreement and Declaration of Trust which refers to action by the Trustees. In the event any matter presented for decision cannot be decided because of a tie vote, the matter shall remain in status quo pending arbitration as set forth in Article VIII hereof.

The arbitration section reads:

In the event the Trustees cannot decide any matter or resolve any dispute because of a tie vote or in the event deci-

sions cannot be made because of the lack of a quorum at two successive meetings of the Trustees, then and in either of such events the Trustees shall attempt to select an impartial arbitrator to hear and determine the matter, issue or dispute. . . .

These trust provisions are mandated by the Labor Management Relations Act (LMRA) § 302(c)(5) as a condition of the existence of all union pension and benefit funds. 29 U.S.C. § 186(c)(5). The purpose of equal representation provisions such as these is to prevent misuse of funds by labor officials who would otherwise have sole control of contributions by the employers. *See NLRB v. Amax Coal Co.*, 453 U.S. 322, 330 n. 13, 101 S.Ct. 2789, 2794 n. 13, 69 L.Ed.2d 672 (1981); *Rosenthal v. Ann Service Corp.*, 571 F.Supp. 1229, 1232 (S.D.N.Y.1983).

Plaintiffs' filing of this suit without either receiving the approval of a majority of the trustees or employing the arbitration procedure contravenes both the Taft-Hartley Act and the trust agreements. 29 U.S.C. § 186(c)(5); *see Rosenthal*, 571 F.Supp. at 1232.

Plaintiffs contend that the Union-appointed trustees are fiduciaries of the plans and thus have standing to sue as fiduciaries under ERISA § 502 [1], without first complying with the requirements of administration of the funds by a majority of the trustees and of resolution of any dispute by arbitration.

■ The limitation in the trust agreements on the powers and duties of less than a majority of the trustees under the instant plans is consistent with the power granted fiduciaries to bring a civil suit under ERISA. ERISA expressly requires that the acts of trustees be in accordance with the trust agreements, 29 U.S.C. § 1104(a)(1), and expressly contemplates joint administration of trust funds. 29

U.S.C. § 1102(a)(1). ERISA does not abrogate the equal representation mandates of the Taft-Hartley Act. 29 U.S.C. § 1144(d).

The plans involved in these suits have expressly provided a remedy for deadlock among the trustees on the question whether to sue under the trust agreements for contributions. Before pursuing judicial remedies, the trustees must comply with the arbitration procedures. *See O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 168 (2d Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1181, 84 L.Ed.2d 329 (1985). Permitting the Union-appointed trustees to sue without first submitting the issue to arbitration would violate the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases. *See Kross v. Western Electric Co.*, 701 F.2d 1238, 1244 (7th Cir.1983). Because the trustees have not exhausted their administrative remedies, their actions are premature and were properly dismissed.

### III. *Beneficiary's Suits*

■ The third suit involved in these appeals, brought by Jones, a member of Local 1974 suing individually and on behalf of others similarly situated, was also properly dismissed. ERISA empowers individual beneficiaries to bring civil actions to recover benefits due them or to enforce personal rights, 29 U.S.C. § 1132(a)(1)(B), or to seek injunctive or other equitable relief. *Id.* § 1132(a)(3). Jones does not seek to recover benefits due him under the plan, nor the benefits of those for whom he purports to sue; he does not assert a personal claim to enforce uniquely personal rights. *See Thornton v. Evans*, 692 F.2d at 1079 n. 35; *Rosenthal*, 571 F.Supp. at 1233. In addition, Jones does not assert a claim for injunctive or other equitable relief. *See Struble v. New Jersey Brewery Employees' Welfare Trust Fund*, 732 F.2d 325,

---

**1.** It is questionable whether the Union trustees are even fiduciaries under ERISA. A person is only a fiduciary for purposes of ERISA to the extent that he exercises discretionary control over the administration of a plan. 29 U.S.C.

§ 1002(21)(A); *see Thornton v. Evans*, 692 F.2d 1064, 1077 (7th Cir.1982). The trust agreements, in this case, reserve discretionary power to sue to a majority of the trustees.

337–38 (3rd Cir.1984). Thus, he has no standing to bring this action.

 Finally, as to Jones' derivative action on behalf of the Funds, such an action can only be brought if the plaintiff first establishes that the trustees breached their fiduciary duty. *See Struble* 732 F.2d at 336. Jones has failed to establish that the employer-appointed trustees breached their fiduciary duty; their refusal to file a suit to recover contributions allegedly due does not constitute such a breach. *See Ironworkers Local No. 272 v. Bowen,* 695 F.2d 531 (11th Cir.1983).

Accordingly, the decision below is

AFFIRMED.