Yeshaya BENAIM, Plaintiff,

v.

HSBC BANK USA, etc., et
ano., Defendants.

No. 99 Civ. 12484(LAK).

United States District Court,
S.D. New York.

May 9, 2000.

Thomas T. Keating, for Plaintiff.

Alan Levine, Michael D. Paley, Kronish
Lieb Weiner & Hellman LLP, New York,
NY, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, a former employee of Republic
National Bank of New York and Republic
National Bank of New York (International)
Limited (collectively, "RNB"), brings
this action to compel RNB and its successor-in-interest, HSBC Bank USC, to pay
him the pension to which he allegedly is
entitled. Plaintiff has moved for partial
summary judgment. Defendants have
cross-moved for summary judgment dismissing the complaint. Plaintiff has not
responded to the cross-motion although
the time for doing so has expired.

*Facts*

Plaintiff first was employed by RNB in
New York City from December 1, 1971
until January 1, 1974. He was rehired on
December 1, 1975. On July 1, 1986 he
entered into the first of three successive
employment contracts with RNB pursuant
to which he was made executive vice president of Republic National Bank of New
York (International) Limited, first in the
Bahamas and then in Gibraltar. Each of
the contracts provided, among other
things, that plaintiff "will be covered under
the Republic National Bank of New York
Pension Plan (as any other officer), as well
as other benefits (medical, life insurance,
etc.), enjoyed by New York officers." [1]

According to defendants, plaintiff on August 13, 1998 confessed that he had
breached his fiduciary duties to RNB by
engaging in numerous unauthorized transactions for his own benefit. He promptly
was terminated.[2]

Plaintiff reached the age of 55 on March
26, 1999 and sought his pension.[3] In April
1999, counsel for RNB informed plaintiff's
counsel that neither RNB nor plaintiff had
made any pension plan contributions in his
behalf, that it was prepared to pay a pension benefit of $2,328.38 per month to
plaintiff's wife during her life, and that it
"is prepared to begin those payments as of
[plaintiff's] birthday when, and if, we received a release from [plaintiff] of any and
all claims against the Bank arising out of
his employment and the termination of his
employment." [4] Nevertheless, no payments have been made.

*Discussion*

RNB's principal defense to this action is
that plaintiff fraudulently induced the employment contracts upon which he relies.

---

1. Benaim Aff. Exs. B, C and D.

2. Schlein Aff. ¶ 3.

3. Benaim Aff. ¶¶ 5, 8.

4. *Id.* Ex. D. *See also id.* Ex. E.

It contends also that he never was covered by the pension plan, despite the language of the contracts, because the plan itself provides that overseas employees are not covered by it. In any case, it contends that plaintiff has failed to exhaust his administrative remedies within the plan or to join the proper parties and that plaintiff's motion for summary judgment is premature because defendants are entitled to discovery on its fraudulent inducement claim. It is unnecessary, however, to address most of these arguments.

The RNB retirement plan, as amended and restated as of January 1, 1989, provides that applications for benefits must be submitted to the Employee Benefits and Compensation Committee and that denials of applications may be appealed to that committee within 60 days.[5] While plaintiff asserts that he has sought his pension, he has not alleged that he ever submitted an application for benefits to the committee, that any application to the committee ever was denied, or that he appealed any such denial.

ERISA requires the exhaustion of plan remedies as a prerequisite to a suit for benefits. Exhaustion serves the important purposes of placing responsibility for plan administration principally on plan trustees rather than the courts, creating an administrative record, and permitting limitation of the scope of court review of eligibility determinations.[6] As plaintiff has failed to allege that he has exhausted his remedies under the plan, this action must be dismissed. For plaintiff's further guidance, actions under ERISA to recover benefits from qualified plans must be brought against the plan itself, not the plan sponsor or the employer.[7] In consequence, if plaintiff fails to obtain redress from the plan and commences another suit to recover plan benefits, the plan must be named as a defendant.[8]

### Conclusion

For the foregoing reasons, plaintiff's motion for partial summary judgment is denied. Defendants' cross-motion for summary judgment dismissing the complaint is granted. The federal claim is dismissed on the ground of failure to exhaust administrative remedies. The supplemental state law claim is dismissed for lack of subject matter jurisdiction. Plaintiff of course will be free to commence a new action, if necessary, following his exhaustion of his remedies under the plan.

SO ORDERED.

---

5. Schlein Aff. Ex. A, § 10.4.

6. *See, e.g., Kennedy v. Empire Blue Cross and Blue Shield,* 989 F.2d 588, 594 (2d Cir.1993).

7. *E.g., Leonelli v. Pennwalt Corp.,* 887 F.2d 1195, 1199 (2d Cir.1989).

8. The Court recognizes that RNB claims that the employment agreements meant not that plaintiff would be covered by the plan, but that he would be paid as if he were so covered. If it is correct, plaintiff's claim might well be for breach of contract by RNB rather than for recovery of benefits from the plan. Plaintiff therefore may find it advisable to proceed in the alternative against RNB and the plan.