**Garfield HECTOR, Plaintiff,**

v.

**WAL–MART GROUP HEALTH PLAN, Defendant.**

**No. 99–CV–2132.**

United States District Court, N.D. New York.

June 21, 2000.

Garfield Hector, Syracuse, NY, plaintiff pro se.

Costello, Cooney & Fearon, LLP, Syracuse, NY, Paul G. Ferrara, of counsel, for defendant.

## MEMORANDUM DECISION AND ORDER

MORDUE, District Judge.

### Introduction

The present action was commenced on November 4, 1999, in Syracuse City Court and removed to this Court by Notice dated December 8, 1999. Plaintiff's complaint alleges that defendant failed to provide benefits under an employee welfare plan in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101, *et seq.*

Plaintiff Garfield Hector was employed by Wal–Mart, Inc. and enrolled in defendant Wal–Mart Associates Health and Welfare Plan ("Plan") at all relevant times. Plaintiff received medical care as a result of injuries sustained in an automobile accident on April 28, 1995. Although some medical bills were paid, defendant denied coverage for charges associated with ambulatory transport to University Hospital as well as treatment received at University Hospital on the date of the accident. Plaintiff alleges that he submitted these claims on May 21, 1995. However, defendant disputes this claim alleging that the ambulance and treatment charges were not submitted until April and May 1999, respectively.

Presently before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant argues that plaintiff's complaint should be dismissed because: (i) plaintiff's action is barred because he failed to exhaust administrative remedies as required by the Plan; (ii) plaintiff failed to submit the claim within 12 months from the date of treatment as required by the Plan; and (iii) plaintiff's action is barred because he failed to commence the lawsuit within two years from the date he allegedly filed his claim as required by the Plan. Plaintiff has failed to submit any papers in opposition to defendant's motion. Similarly, plaintiff failed to appear for oral argument before the Court on June 21, 2000.

### Summary Judgment Standard

Summary Judgment is appropriate when the pleadings, affidavits, and any other supporting papers demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Facts, inferences therefrom and ambiguities must be examined in a context which is most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The movant bears the initial burden of showing that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the moving party has met this burden the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, at 586, 106 S.Ct. 1348. The moving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Liberty Lobby*, at 250, 106 S.Ct. 2505.

Where summary judgment is sought against a *pro se* litigant the Court must afford him special solicitude. *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir.1988).

### Discussion

### Failure to Exhaust Administrative Procedures

■ The Second Circuit "has clearly recognized 'the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 594 (2d Cir.1993) (quoting *Alfarone v. Bernie Wolff Construction*, 788 F.2d 76, 79 (2d Cir.1986)); *see also Leonelli v. Pennwalt Corp.*, 887 F.2d 1195 (2d Cir. 1989); *Benaim v. HSBC Bank USA*, 94 F.Supp.2d 518, 519 (S.D.N.Y.2000); *Pasqualini v. Sheet Metal Workers' Nat'l Pension Fund*, 54 F.Supp .2d 357, 364 (S.D.N.Y.1999); *Layaou v. Xerox Corp.*, 999 F.Supp. 426, 434 (W.D.N.Y.1998). Exhaustion of remedies in an ERISA case requires pursuit of whatever administrative appeals are provided for in the relevant plan or policy. *See Layaou*, 999 F.Supp. at 434.

Defendant Plan provides in pertinent part:

If your claim for benefits under the [Plan] is … denied … [y]ou will then be entitled to review all pertinent docu-

ments and request a review by the Plan Administrator of such decision denying the claim. A request for review must be in writing and sent ... within ... 90 days for medical coverage claims.... [This] [ ] appeal process does not reduce a participant's right to initiate legal action. However, *before a participant may bring legal action in a court in connection with an adverse decision under the Plan, he or she must pursue this review process.*

Plan at pgs. Q–1 to Q–2 (emphasis added).

As such, the plan provides an appeal mechanism and clearly prohibits resort to the courts absent pursuit of these administrative remedies.

■ A review of the record reveals no evidence suggesting that plaintiff satisfied the foregoing exhaustion requirements. Furthermore, defendant states that plaintiff has not exhausted the Plan's administrative review procedures. *See* Defendant's Mem. of Law at p. 4; Defendant's Rule 7.1 Statement at ¶ 7. Therefore, as plaintiff has failed to exhaust his administrative remedies under the Plan, this action must be dismissed. It is therefore unnecessary for the Court to consider defendant's alternative arguments.

Accordingly, it is hereby

**ORDERED** that defendant's motion for summary judgment is GRANTED and plaintiff's complaint is hereby DISMISSED in its entirety.

IT IS SO ORDERED.