

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2005

# Johnson v. State of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Johnson v. State of NJ" (2005). *2005 Decisions.* Paper 1153.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-222                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1416
_____

MARK E. JOHNSON,

<u>Appellant</u>

v.

STATE OF NEW JERSEY, DIVISION OF MOTOR VEHICLES; TOWNSHIP OF
LONG HILL MUNICIPAL COURT; JUDGE JAMES D. BRIDE; BRIDGEWATER
TOWNSHIP MUNICIPAL COURT; JUDGE ROBERT J. FOLEY; OFFICER PETER
OCHS; SUMMIT MUNICIPAL COURT; JUDGE DONALD P. BOGOSIAN; FAR
HILLS BOROUGH MUNICIPAL COURT; JUDGE ROBERT K. HORNBY; OFFICER
JOSEPH DILLION; MORRIS COUNTY CORRECTIONAL FACILITY; SUPERIOR
COURT OF NEW JERSEY, LAW DIVISION SPECIAL CIVIL PART; JUDGE
RONALD B. GRAVES; CARMEN J. LIUZZA, JR.; DEPARTMENT OF THE
TREASURY, DIVISION OF TAXATION; BEDMINSTER POLICE DEPARTMENT;
OFFICER TOM FINNERTY; MICHAEL DECAROLIS, OFFICER; FAR HILLS
BOROUGH POLICE DEPARTMENT; JAMES H. HUNDLEY; H & R BLOCK, INC.;
BRIDGEWATER TOWNSHIP POLICE OFFICER PETER OCHS; HONORABLE
ROBERT J. FOLEY, JUDGE OF BRIDGEWATER TOWNSHIP MUNICIPAL
COURT; DIVISION OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY;
JAMES H. HUNDLEY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-2320)
District Judge:  Honorable Faith S. Hochberg

_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
APRIL 21, 2005
Before:  RENDELL, FISHER and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed:   May 19, 2005)

_____

OPINION

_____

PER CURIAM

Appellant Mark E. Johnson appeals from the dismissal of his complaint against a number of New Jersey state, municipal, and private actors. The appeal is frivolous, and we will dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On September 21, 2004, Johnson filed an amended complaint with the District Court. The complaint lists a number of defendants, the majority of whom are involved in separate unrelated incidents. On December 15, 2004, the District Court issued an order to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. Johnson failed to respond. By order entered January 24, 2005, the District Court dismissed the action.[1] Johnson then brought this appeal.

We exercise plenary review over the dismissal of the complaint. See Marran v. Marran, 376 F.3d 143, 149 (3d Cir. 2004); Kilkenny v. Guy C. Long, Inc., 288 F.3d 116, 119 (3d Cir. 2002). To the extent Johnson appeals from the dismissal of his claims relating to income tax, we do not agree that Flast v. Cohen, 392 U.S. 83 (1968), is dispositive. Flast bars taxpayer standing where the plaintiff challenges a particular federal government spending program subject to extremely limited exceptions. Id. at

_____

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291.

2

101-03. Johnson, inversely, challenges the collection of income tax generally, by both the United States and New Jersey. Even so, the appeal is completely lacking in legal merit. The collection of income tax has long been deemed constitutional and arguments to the contrary will not succeed. See U.S. Const. art. I, § 8; U.S. Const. amend XVI; see also Lawrence v. State Tax Comm'n of Mississipi, 286 U.S. 276, 279-80 (1932) (discussing the basis for state income tax).

To the extent Johnson seeks what amounts to an appeal from his motor vehicle fines and convictions, he is barred by the Rooker-Feldman doctrine. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. __, 2005 WL 711586, * 5-7 (Mar. 30, 2005). To the extent Johnson does not seek to appeal his convictions, but rather challenges a policy or procedure which is not an apparent appeal from the underlying judgment, he either fails to state a claim or is barred. Specifically, with respect to each judicial defendant, an appeal is frivolous because judges receive absolute judicial immunity for actions performed in or related to their judicial role. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768-69 (3d Cir. 2000).

Johnson's Fourth Amendment claims against numerous police officers suffer from a similar defect. Police are afforded qualified immunity in the performance of their jobs. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Johnson fails to allege that any of the officers violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Id. (citations omitted). His remaining claims are

3

unintelligible. Johnson did not attempt to clarify his pleadings in the District Court, nor does he present any arguments from which we can infer his intent on appeal.

For the foregoing reasons, the appeal is frivolous. Accordingly, we will dismiss.