Urso v. Prudential Ins. Co.          CV-03-024-JD  11/23/04
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Wayne Urso

     v.                              Civil No. 03-024-JD
                                     Opinion No. 2004 DNH 167
Prudential Insurance
Company of America


                         O R D E R


     Wayne Urso brings suit under the Employee Retirement Income

Security Act of 1984 ("ERISA"), 29 U.S.C. § 1001, et seq.,

challenging the decision made by Prudential Insurance Company of

America to discontinue his long-term disability benefits.

Prudential moves for summary judgment, contending that its

decision was properly made and that Urso failed to exhaust the

remedies available to him under the plan.  Urso objects to

summary judgment.  The parties disagree as to the standard of

review and failed to file a joint administrative record.


                        Discussion

     "In an ERISA benefit denial case, trial is usually not an

option:  in a very real sense, the district court sits more as an

appellate tribunal than as a trial court."  Leahy v. Raytheon

Co., 315 F.3d 11, 18 (1st Cir. 2002).  A prerequisite for

judicial review is that the claimant exhaust the internal claims

procedures provided by the benefits plan. <u>Terry v. Bayer Corp.</u>, 145 F.3d 28, 36 (1st Cir. 1998). The district court reviews a decision to deny benefits under the de novo standard unless the plan clearly gives the administrator discretionary authority to make the benefit decision or to construe the terms of the plan. <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989); <u>Brigham v. Sun Life of Can.</u>, 317 F.3d 72, 80 (1st Cir. 2003).

A. <u>Exhaustion</u>

Urso submitted his claim for disability benefits on January 26, 2000, claiming a disability due to thoracic outlet syndrome, pronater teres syndrome, and carpal tunnel syndrome. Prudential determined that he was disabled from his regular occupation, as a consultant software engineer for Comsys Information Technologies, Inc., on May 26, 2000. In September of 2000, Urso submitted evidence that he had also been diagnosed with depression, which he claimed was an additional disabling condition.

Under the terms of the plan, the definition of disability changed after Urso had received benefits for twenty-four months so that he would no longer be considered disabled unless he was "unable to perform the duties of any gainful occupation for which [he was] reasonably fitted by education, training or experience." Prudential notified Urso in February of 2002 that he would not be

2

eligible for benefits under the "gainful occupation" definition and that Prudential would pay benefits only until the middle of April of 2002.

Urso appealed that decision and provided additional medical evidence to support his disability claim. In a letter dated March 25, 2002, Prudential notified Urso of its decision to uphold its initial decision to discontinue his disability benefits. Urso then retained counsel and gathered his records and additional evidence. Counsel filed a second appeal on Urso's behalf on July 12, 2002. Prudential responded to the second appeal on October 29, 2002, more than three months after the appeal was filed, and again affirmed the decision to deny disability benefits. That letter notified Urso that he could file a third appeal to the Appeals Committee, which would issue a final decision. Urso did not file a third appeal and, instead, filed this action in January of 2003.

Prudential claims that Urso failed to fulfill the exhaustion requirement because he did not complete its internal process by filing a third appeal. Urso responds that because Prudential did not comply with the timeliness requirements for issuing its last decision, his claim is deemed to have been exhausted. Prudential does not dispute that it failed to comply with the timeliness requirements but argues that the court should require exhaustion,

3

as a matter of policy, contrary to the applicable regulations.

The regulations applicable to ERISA plans "establish extensive requirements to ensure full and fair review of benefit denials." Aetna Health Inc. v. Davila, 124 S.Ct. 2488, 2502 (2004). Included in that regulatory framework is a requirement that the administrator notify a claimant of its decision on an appeal of a denial of a disability benefits claim within forty-five days after receiving the request for review. 29 C.F.R. § 2506.503-1(i)(3). The regulations also limit the number of appeals to two for group health plan claims, 29 C.F.R. § 2506.503-1(c)(2), and suggest that two appeals also would be sufficient to exhaust disability benefits claims, § 2506.503-1(i)(3). If a plan fails to establish or follow procedures that are consistent with the regulatory requirements, "a claimant shall be deemed to have exhausted the administrative remedies available under the plan." § 2506.503-1(l).

It is undisputed that Prudential failed to notify Urso or his counsel of its decision on the second appeal within forty-five days of receiving the request. Based upon the regulatory framework, Urso was deemed to have exhausted his remedies under the plan after that time expired. See Linder v. BYK-Chemie USA Inc., 313 F. Supp. 2d 88, 92 (D. Conn. 2004). That Prudential provided late notice denying benefits and offering a third appeal

4

before Urso filed suit does not affect the deemed exhaustion. See Schmir v. Prudential Ins. Co. of Am., 2003 WL 22466168, at *3 (D. Me. Oct. 30, 2003). The court is not persuaded that any policy favoring exhaustion would override the operation of the regulatory framework in this case. See id.

Therefore, Prudential's motion for summary judgment based on a theory that Urso failed to exhaust the available internal remedies is denied.

B. Standard of Review

Because the de novo standard of review is the default in an ERISA case, the plan administrator bears the burden of showing that the more deferential standard should apply. Fay v. Oxford Health Plan, 287 F.3d 96, 104 (2d Cir. 2002); Marquez-Massas v. Squibb Mfg., Inc., 2004 WL 2406614, at *4 (D.P.R. Oct. 27, 2004); McDonald v. Timberland Co. Group LTD Coverage Program, 2002 WL 122382, at *3 (D.N.H. Jan. 23, 2002). To carry that burden, Prudential must show that "the language of the benefits plan reflects a clear grant of discretionary authority to determine eligibility for benefits." Matias-Correa v. Pfizer, Inc., 345 F.3d 7, 11 (1st Cir. 2003). If that burden is met, the court applies the arbitrary and capricious standard of review, determining whether the administrator's decision was

unreasonable.  <u>Liston v. Unum Corp. Officer Severance Plan</u>, 330 F.3d 19, 24 (1st Cir. 2003).

Prudential contends that the following plan language clearly confers discretionary authority to make eligibility decisions: "You are disabled when Prudential determines that . . ."  In support of that contention, Prudential cites cases where, it claims, courts found the same or similar language sufficient to confer discretion.  In several of those cases, however, the parties did not dispute whether the language conferred discretion, so the court did not decide that issue.  <u>See, e.g.</u>, <u>McLaughlin v. Prudential Life Ins. Co. of Am.</u>, 319 F. Supp. 2d 115, 124 (D. Mass. 2004); <u>Strouse v. Pruvalue Ins.</u>, 2003 WL 21556932, at *1 (N.D. Cal. July 8, 2003).  In another case, contrary to the representation made by Prudential, the plan language expressly gave discretionary authority to determine eligibility for benefits, unlike the language in the Prudential plan here.  <u>Newman v. UNUM Life Ins. Co. of Am.</u>, 2000 WL 1593443, at *2 (N.D. Ill. Oct. 23, 2000).  The court does not find Prudential's largely unsupported argument persuasive.

As Prudential acknowledges, courts disagree as to whether the language used in its plan is sufficient to confer discretion. <u>Compare</u> <u>Eubanks v. Prudential Ins. Co. of Am.</u>, 336 F. Supp. 2d 521, 528 (M.D.N.C. 2004) (holding identical language sufficient

to confer discretion); <u>Mitchell v. Prudential Health Care Plan</u>, 2002 WL 1284947, at *7 (D. Del. June 10, 2002) (same), <u>with</u> <u>Herzberger v. Standard Ins. Co.</u>, 205 F.3d 327, 331 (7th Cir. 2000) (stating that "the mere fact that the plan requires a determination of eligibility or entitlement by the plan administrator" was insufficient to confer discretionary authority); <u>Diaz v. Prudential Ins. Co. of Am.</u>, 2004 WL 1094441, at *6 (N.D. Ill. May 13, 2004) (accord); <u>McDonald</u>, 2002 WL 122382, at *2-3 (accord and discussing cases). That disagreement alone suggests that the language does not clearly confer discretionary authority. In addition, the First Circuit has followed the guidance of the Seventh Circuit in <u>Herzberger</u> for purposes of construing plan language. <u>See, e.g.</u>, <u>Brigham</u>, 317 F.3d at 81. Further, this court's analysis of the same language in <u>McDonald</u>, <u>supra</u>, applying the de novo standard, is persuasive, and Prudential has not carried its burden of showing that the arbitrary and capricious standard should apply here.

The court concludes that the language: "You are disabled when Prudential determines that . . .," does not clearly confer discretionary authority on Prudential to make the eligibility determination. Therefore, in the absence of discretionary authority, Prudential's decision will be reviewed under the de novo standard.

7

C.  Review of the Decision

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

Ordinarily, in an ERISA case the court reviews the last and final decision of the administrator.  See Terry, 145 F.3d at 36. In this case, Prudential made two decisions in response to Urso's appeals.  The second appellate decision, however, as is discussed above in the context of exhaustion, was not made in a timely fashion, which led to the court's conclusion that Urso was deemed to have exhausted the internal process.  Nevertheless, because the second appellate decision, issued on October 29, 2002, is the last and final decision Prudential made on Urso's claim, that

8

appears to be the appropriate decision for review.

Applying the de novo standard, the court reviews the October 29 decision to determine whether it was correct. Marquez-Massas, 2004 WL 2406614, at *4; Johnson v. UNUM Life Ins. Co. of Am., 329 F. Supp. 2d 161, 170 (D. Me. 2004). The court will consider only the evidence that was available to the plan administrator, as neither party has shown that the administrative record should be supplemented with additional evidence. See Liston, 330 F.3d at 24. As the claimant, Urso bears the burden of showing that he was disabled and entitled to benefits under the plan. Brigham, 317 F.3d at 84-5.

The parties did not provide an agreed record for review, and both included additional evidence that was not part of the record used by the administrator. In addition, Urso appears to have mistaken the issue for review, which is whether the record shows that he was entitled to benefits. Despite those obstacles, the present motion may be addressed based on the evidence that was mentioned in the October 29 decision and that both parties represent was part of the record.

The October 29 decision concluded that Urso was not entitled to benefits because he was not disabled from performing "the duties of any gainful occupation for which [he was] reasonably fitted by education, training or experience." Latore Aff. Exs.

9

at 00146. The decision states that the administrator reviewed the medical information in Urso's file along with "an Independent Medical Examination requested and received from Mr. Urso's Workers Compensation Carrier." Id. at 00147. The administrator concluded that Urso could not drive for more than forty-five minutes at a time, was limited to only one to three hours of computer work each day, and had to be allowed to change positions frequently. The restrictions, the administrator found, would not prevent Urso from doing the work of five occupations identified by Vocational Rehabilitation in the Manchester, New Hampshire, labor market. The administrator also concluded that Urso's depression would not have prevented his previous work as a software engineer.

Contrary to the administrator's decision, Urso's treating physician, Dr. Patterson, stated in a letter to Prudential, dated March 22, 2002, that Urso's physical restrictions would not permit him to do any of the five jobs identified by Vocational Rehabilitation. Dr. Patterson is the chief medical officer of Occupational Health + Rehabilitation, Inc., in Hingham, Massachusetts. He became Urso's treating physician after the workers' compensation carrier referred Urso to him for evaluation. The October 29 decision does not mention Dr. Patterson's opinion.

10

There does not appear to be an independent medical examination from the workers' compensation carrier in the record, despite reference to it in the October 29 decision. In its motion for summary judgment, Prudential explains that it intended to have an outside medical examination done but concluded that it was impractical because Urso lived so far away from medical providers and had a driving restriction. Instead, Prudential had its own medical director, Dr. MacBride, review Urso's records.

Dr. MacBride noted Dr. Patterson's March 22, 2002, note that Urso was, in his opinion, disabled from work because of thoracic outlet syndrome. Dr. MacBride discounted that opinion because Urso had declined surgery for thoracic outlet syndrome, apparently because of the uncertainty that surgery would provide positive results. Although he does not appear to be a psychiatrist or psychologist, Dr. MacBride concluded that the record did not show that Urso had severe symptoms from depression, despite noting a psychologist's evaluation of "Major Depression of moderate severity." Dr. MacBride noted that Urso should have independent medical and psychiatric examinations and that the workers compensation records were not part of the record, which he deemed "unfortunate."

Taking the record summarized above in the light most favorable to Urso, Dr. Patterson's opinions contradict

Prudential's conclusion.  In addition, the decision does not explain the relevance of the five occupations in the Manchester, New Hampshire, job market, even if Urso were physically and psychologically able to do that work, when Urso lives in Errol, New Hampshire, and is limited to driving no more than forty-five minutes.  Further, Dr. MacBride's evaluation of the record, taken in the light most favorable to Urso, provides little support for the decision.  Based on the present record, Prudential has not shown that its decision to deny benefits was correct.

D.  Further Proceedings

Only Prudential moved for summary judgment, and the motion must be denied.  If Urso's case were to proceed to trial, it would be tried to the court, not to a jury.  See Liston, 330 F.3d at 24, n.4.  However, it is not apparent that a trial would be necessary or appropriate in this case.  See Leahy, 315 F.3d at 17-18; DiGregorio v. Pricewaterhouse Coopers LTD Plan, 2004 WL 1774566, at *13-14 (D. Mass. Aug. 9, 2004).

Urso contends that Prudential failed to provide him with a full and fair review of his claim as is required by ERISA and its implementing regulations.  A procedural irregularity under the ERISA regulations does not entitle a beneficiary to an award of benefits.  Glista v. UNUM Life Ins. Co. of Am., 378 F.3d 113, 131

12

n.13 (1st Cir. 2004). When the administrator did not provide a fair process, however, as Urso claims here, the court may remand the case to the administrator to reconsider the beneficiary's claim in light of supplemental evidence. Recupero v. New England Tel. & Tel. Co., 118 F.3d 820, 830 (1st Cir. 1997).

That appears to be the appropriate remedy in this case. Even Dr. MacBride believed that additional evidence, including Urso's workers compensation records and independent medical and psychological examinations, should be considered in making the determination as to whether or not Urso is disabled within the meaning of the Prudential plan. Therefore, the case is remanded to the plan administrator for reconsideration of Urso's claim, taking into consideration all pertinent evidence and obtaining any additional or supplemental evidence that may be necessary for a full and fair review of the claim.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 60) is denied.

The case is remanded to the plan administrator for further proceedings that are not inconsistent with this order. The clerk

of court shall enter judgment that the case is terminated in favor of neither party and is remanded to the plan administrator.

SO ORDERED.

                                     _____
                                     Joseph A. DiClerico, Jr.
                                     United States District Judge

November 23, 2004

cc:  Michael J. Atkins, Esquire
      Geoffrey M. Coan, Esquire
      Robert A. Shaines, Esquire