United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 03-11087

———————————————

MICHAEL MILOFSKY, On behalf of themselves and on behalf of all
others similarly situated, and on behalf of the Super Saver-A
401(k) Capital Accumulation Plan for Employees of Participating
AMR Corporation Subsidiaries; ROBERT WALSH, On behalf of
themselves and on behalf of all others similarly situated, and on
behalf of the Super Saver-A 401(k) Capital Accumulation Plan for
Employees of Participating AMR Corporation Subsidiaries

Plaintiffs - Appellants

v.

AMERICAN AIRLINES, INC; JOHN DOES 1-10, As members of the Pension
Asset Administration Committee of the Super Saver-A 401(k)
Capital Accumulation Plan for Employees of Participating AMR
Corporation Subsidiaries; JOHN DOES 11-20, As members of the
Pension Benefits Administration Committee of the Super Saver-A
401(k) Capital Accumulation Plan for Employees of Participating
AMR Corporation Subsidiaries;

Defendants - Appellees

———————————————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas

———————————————————————————————————————

Before JONES, Chief Judge, and KING, JOLLY, HIGGINBOTHAM, DAVIS,
SMITH, WIENER, BARKSDALE, GARZA, DeMOSS, BENAVIDES, STEWART,
DENNIS, CLEMENT, PRADO, and OWEN, Circuit Judges.

PER CURIAM:

Plaintiffs, a subset of participants in the $uper $aver-A

401(k) Capital Accumulation Plan for Employees of Participating

AMR Corporation Subsidiaries, are entitled to further development

-1-

of their breach of fiduciary duties claims, brought under ERISA sections 502(a)(2) and 409(a), 29 U.S.C. §§ 1132(a)(2) and 1109(a), against American Airlines, Inc. and other fiduciaries of the $uper $aver Plan, seeking to recover losses to the $uper $aver Plan (to be allocated among plaintiffs' accounts) allegedly arising from the "fail[ure] to effectuate the timely transfer of plaintiffs' account balances from the BEX [401(k)] Plan to the $uper $aver Plan as promised in numerous representations to plaintiffs . . . ." Compl. ¶ 34. Measured by the principles of notice pleading and the standards controlling dismissal under FED. R. CIV. P. 12(b)(6), the district court erred in dismissing these claims.

The district court also erred in concluding that these claims are disguised benefits claims requiring exhaustion of administrative remedies; the plaintiffs do not seek the distribution of any benefits, but instead assert fiduciary breach claims not requiring exhaustion of administrative remedies. See Smith v. Sydnor, 184 F.3d 356, 365 (4th Cir. 1999) ("[W]e hold that the judicially created exhaustion requirement does not apply to a claim for breach of fiduciary duty as defined in ERISA."); see also Molnar v. Wibbelt, 789 F.2d 244, 250 n.3 (3d Cir. 1986).

VACATED and REMANDED.