10-3691-cv
Leak v. CIGNA Healthcare

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          J. CLIFFORD WALLACE,[*]
              *Circuit Judges*.

-----------------------------------------------------------------

DONNA LEAK,

     *Plaintiff-Appellant*,


     v.            No. 10-3691-cv


CIGNA HEALTHCARE, ALLIEDBARTON
SECURITY SERVICES,

     *Defendants-Appellees*.[**]

-----------------------------------------------------------------

FOR APPELLANT:  Donna Leak, *pro se*, Bronx, New York.

FOR APPELLEES:  Emily A. Hayes (Fred N. Knopf, *on the brief*), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, New York, *for Defendant-Appellee CIGNA Healthcare*.

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption to read as shown above.

Matthew D. Crawford, Martenson, Hasbrouck & Simon LLP, Atlanta, Georgia (Janet B. Linn, Eckert Seamans Cherin & Mellott, LLC, White Plains, New York, *on the brief*), *for Defendant-Appellee AlliedBarton Security Services*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 10, 2010, is AFFIRMED.

Pro se plaintiff Donna Leak appeals from the dismissal of her complaint alleging defendants' violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1001 et seq.; Fed. R. Civ. P. 12(b)(6). We review the challenged dismissal de novo, consistent with the pleading standards articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and mindful that we must accept all allegations in the complaint as true and draw all reasonable inferences in Leak's favor, see Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011). In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

ERISA plaintiffs are required to exhaust administrative remedies before filing an action in federal court, unless exhaustion would be futile. See Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 443 (2d Cir. 2006); Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993) (recognizing "firmly established federal policy

2

favoring exhaustion of administrative remedies in ERISA cases" (internal quotation marks omitted)). Although exhaustion is an affirmative defense, see Paese v. Hartford Life & Accident Ins. Co., 449 F.3d at 443, Leak explicitly admitted a conscious decision not to exhaust by stating in her objections to the magistrate judge's report and recommendation that she "chose to go to federal court" rather than to pursue the available administrative remedies. Pl.'s Objections at 1; cf. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."). Accordingly, we conclude that Leak's ERISA claims were properly dismissed for failure to exhaust.

Additionally, Leak submits that defendants violated state labor laws by failing to pay her prevailing wages or to provide her holiday, sick, and vacation pay for three years. Because Leak forfeited these claims by failing to raise them in the district court, we do not consider them. See, e.g., Kendall v. Emps. Ret. Plan of Avon Prods., 561 F.3d 112, 123 (2d Cir. 2009); Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994).

We have considered Leak's remaining arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3