14-0676-cv
*Diamond v. Local 807 LaborManagement Pension Fund et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
          DENNY CHIN,
                    *Circuit Judges.*
          J. PAUL OETKEN,
                    *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LANCE S. DIAMOND,

                    *Plaintiff-Appellant,*

                    v.                                              14-0676-cv

LOCAL 807 LABORMANAGEMENT PENSION FUND,
JOHN SULLIVAN, ANTHONY STORZ, LUIS
HERRERA, JOHN ZAK, ALFRED FERNANDEZ,
                    *Defendants-Appellees.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]       The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

[**]      The Clerk of the Court is directed to amend the caption to conform to the above.

FOR PLAINTIFF-APPELLANT: BENNET SUSSER, Richard S. Meisner, Jardim, Meisner & Susser, P.C., Florham Park, New Jersey.

FOR DEFENDANTS-APPELLEES: DAVID W. NEW, Benjamin A. Karfunkel, Herbert New & David W. New, P.C., West Caldwell, New Jersey.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Lance Diamond appeals from the judgment of the district court entered February 7, 2014 dismissing Diamond's complaint against Local 807 LaborManagement Pension Fund (the "Fund") and the members of its Board of Trustees, John Sullivan, Anthony Storz, Luis Herrerra, John Zak, and Alfred Fernandez. By memorandum and order also filed February 7, 2014, the district court held that Diamond's complaint -- which alleged violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* -- did not state a federal cause of action because he did not exhaust his administrative remedies prior to filing suit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

According to the allegations of the complaint, defendants administer a pension plan (the "Plan") for qualifying employees who work under a collective bargaining agreement between Truck Drivers Local 807 IBT of Long Island City, New

York, and their employers. Diamond was employed by defendants as "Controller" of the Fund from January 1997 to May 2005 and thus was eligible for benefits under the Plan. Diamond was dismissed from this position in May 2005.

The Plan sets forth rules and regulations governing eligibility and the rights of participants to receive benefits. Section 6(b) provides that benefits can be suspended if participants engage in "Totally Disqualifying Employment." For employees claiming benefits after 65 years of age, "Disqualifying Employment" is defined as employment of forty or more hours in any month in (A) an industry covered by the Plan when the participant's pension payments began; (B) in the geographic area covered by the Plan when the participant's pension began; and (C) in any occupation in which the participant worked under the Plan at any time.

On January 9, 2012, Diamond accepted a consulting position with the Puerto Rican Family Institute, Inc. ("PRFI"). In February 2012, Diamond turned 65 and thereafter applied for and began receiving benefits under the Plan. Defendants suspended Diamond's benefits on June 14, 2012 on the basis that his employment with PRFI constituted Disqualifying Employment under the Plan.

Diamond requested review of his benefit suspension by the Plan's trustees but withdrew his request on July 30, 2012. Diamond thus failed to exhaust his administrative remedies under the Plan's claims procedure. In October 2012, Diamond filed the complaint in the district court alleging that defendants (1) breached their fiduciary duties to Plan participants by failing to comply with their duties under ERISA;

(2) improperly suspended his benefits; and (3) failed to produce certain documents.[1] Defendants moved to dismiss, asserting that Diamond failed to exhaust administrative remedies prior to filing suit. The district court granted defendants' motion to dismiss, and Diamond appeals the district court's judgment.

"We review *de novo* the dismissal of a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (quoting *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011)) (alterations in original) (internal quotation marks omitted). In assessing a motion to dismiss under 12(b)(6), a court must consider whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under ERISA, all covered benefit plans must "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied" and "afford a reasonable opportunity to any participant . . . for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(1)-(2). Plan participants denied benefits "must pursue all administrative remedies provided by their plan pursuant to statute, which includes carrier review in

---

[1] Diamond declined to appeal his claims of ERISA retaliation by Fernandez and failure to produce documents, leaving only the fiduciary duty claims.

the event benefits are denied." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 511 (2d Cir. 2002). We have consistently recognized "the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993) (quoting *Alfarone v. Bernie Wolff Constr.*, 788 F.2d 76, 79 (2d Cir. 1986)) (internal quotation marks omitted).

It is undisputed that Diamond failed to exhaust the claims procedure of the Plan. Diamond initially appealed his benefit suspension to the Plan's trustees as required by the Plan's claims procedure, but he later withdrew the appeal intending, as he explained, to "seek reinstatement of his pension benefit in Federal Court without exhausting the administrative appeal process." App. at 200. At issue is whether Diamond's complaint is premised on an interpretation of the terms of the Plan or on an ERISA statutory violation. District courts in this Circuit "have drawn a distinction between claims relating to violations of the terms of a benefit plan, and claims relating to statutory violations of ERISA, finding that the former, but not the latter, claims must be administratively exhausted." *Role v. Johns Hopkins Bayview Med. Ctr.*, 06-Civ.-2475, 2008 WL 465574, at *3 (E.D.N.Y. Feb. 15, 2008).

Diamond argues that he is not required to exhaust administrative remedies because he alleges a statutory violation of ERISA. The Second Circuit "has not addressed the specific question whether exhaustion is required for statutory [ERISA] claims." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 102 (2d Cir. 2005). The Third,

Fourth, Fifth, Sixth, Ninth, and Tenth Circuits have held that plaintiffs need not exhaust administrative remedies before bringing a legal action asserting a violation of the ERISA statute. *See Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006) (per curiam); *Smith v. Snydor*, 184 F.3d 356, 363-65 (4th Cir. 1999); *Richards v. Gen. Motors Corp.*, 991 F.2d 1227, 1235 (6th Cir. 1993); *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990); *Zipf v. A.T.&T. Co.*, 799 F.2d 889, 894 (3d Cir. 1986); *Amaro v. Cont'l Can Co.*, 724 F.2d 747, 749-50 (9th Cir. 1984). The district court below agreed, joining the district courts in this Circuit that have dispensed with the exhaustion requirement where plaintiffs allege statutory ERISA violations. *See, e.g.*, *De Pace v. Matsushita Elec. Corp. of Am.*, 257 F. Supp. 2d 543, 557-58 (E.D.N.Y. 2003). Yet, the district court required exhaustion because it found Diamond's claims to allege violations of the terms of the Plan.

We need not decide the issue of whether exhaustion is required for statutory ERISA claims because we agree that Diamond is alleging a breach of the terms of the Plan, not a statutory violation of ERISA. Diamond casts his claim as a statutory violation, arguing that "Defendants' misreading of the Pension Plan Rules was so improper, so egregious and so unreasonable as to be a breach of Defendant's ERISA-created fiduciary duties." Appellant's Corrected Reply Brief at 4. Yet Diamond's amended complaint specifically alleges that defendants "violated the express terms and conditions of the Pension Plan" and thus breached their "fiduciary duties under Section 404 of ERISA because, at this time, they have knowledge that they are not operating the

Pension Plan 'in accordance with the documents and instruments' governing the Pension Plan." App. at 25-26. The "essence of a cause of action," however, "is found in the facts alleged and proven by the plaintiff, not the particular legal theories articulated." *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 617 F.3d 114, 139 (2d Cir. 2010); *cf. Hack v. President & Fellows of Yale Coll.*, 237 F.3d 81, 89 (2d Cir. 2000) (Pooler, J., concurring), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Because Diamond's allegations explicitly required interpretation of the documents governing the Plan, we view his claim as involving a breach of fiduciary duties, notwithstanding his framing of the claim as a statutory violation. *Cf. Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150, 154 (2d Cir. 2014) (Litigants cannot "plead around ERISA's limitations" and bring "legal [claims] for money damages even though they are covered by an equitable label.").

Because Diamond was seeking only to receive benefits under the Plan that he contends were withheld in violation of the terms of the Plan, he was required to exhaust his administrative remedies. Because he failed to do so, his claim was properly dismissed. *See Chapman*, 288 F.3d at 511.

Diamond further contends that it would have been futile to pursue administrative remedies. Where an ERISA plaintiff makes a "clear and positive showing that pursuing available administrative remedies would be futile," a failure to exhaust is excused. *Kennedy*, 989 F.2d at 594 (internal quotation marks omitted). Here, however, the conclusory allegations of Diamond's complaint fail to sufficiently allege

futility. *See Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001) (per curiam) (holding that a "putative 'denial' of benefits" contained in a letter "did not render futile further pursuit of [plaintiff's] claims through the proper channels"); *see also Saladin v. Prudential Ins. Co. of Am.*, 337 F. App'x 78, 80 (2d Cir. 2009) (summary order) (stating that exhaustion was required where "administrative rejection of [plaintiff's] challenge was not a foregone conclusion").

We have reviewed Diamond's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk