24-1880-cv
*Murphy Med. Assocs., LLC v. 1199SEIU Nat'l Benefit Fund*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL
> MICHAEL H. PARK,
> *Circuit Judges.*

---

MURPHY MEDICAL ASSOCIATES, LLC, DIAGNOSTIC AND MEDICAL SPECIALISTS OF GREENWICH, LLC, STEVEN A.R. MURPHY, M.D.,

> *Plaintiffs-Appellants*,

v.                                                            24-1880-cv

1199SEIU NATIONAL BENEFIT FUND,

> *Defendant-Appellee.**

---

FOR PLAINTIFFS-APPELLANTS:      ROY W. BREITENBACH, Harris Beach PLLC, Uniondale, NY.

FOR DEFENDANT-APPELLEE:      ELIZABETH CHESLER, General Counsel's Office, 1199SEIU Benefit and Pension Funds, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ho, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Murphy Medical Associates, LLC, Diagnostic and Medical Specialists of Greenwich, LLC, and Steven A.R. Murphy, M.D., (together, the "Murphy Practice" or "Plaintiffs"), sued Defendant-Appellee 1199SEIU National Benefit Fund (the "Fund") to recover denied reimbursements for COVID-19 tests and related services it administered to Fund members. The Fund moved to dismiss the Murphy Practice's Amended Complaint for failure to plead exhaustion of its mandatory administrative process. The district court granted that motion with prejudice because the Amended Complaint did not (1) plausibly allege exhaustion of the Fund's appeals process or (2) plead facts to support a futility exception. The Murphy Practice appeals, arguing that the dismissal was improper and that the Amended Complaint "contains detailed allegations establishing that exhaustion would have been futile." We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"This Court has recognized the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993) (quotation marks omitted). "[E]xhaustion in the context of ERISA requires . . . those administrative appeals provided for in the relevant plan or policy." *Id.* But when a plaintiff makes a "clear and positive showing that pursuing available administrative remedies would be futile, the purposes behind the requirement of exhaustion are no longer served, and thus a court will release the claimant from the requirement." *Id*. (quotation marks omitted).

The Fund's Summary Plan Descriptions ("SPDs") detail its administrative process. Members must request an "Administrative Review" of the denial within 180 days. Joint App'x at 702. If the Administrative Review is unfavorable, members may appeal to the Appeals Committee of the Board of Trustees. *Id.* at 703. Only upon appellate denial can a member file an ERISA suit. *See id.* at 702. ("No lawsuits may be filed until all steps of these procedures have been completed by you or a representative authorized by you, and the benefits requested have been denied in whole or in part."). External providers, if authorized by a plan member, can pursue claims on a member's behalf—subject again to the exhaustion requirement. *Id.* at 716 ("A Non-participating Provider can only file a lawsuit disputing an Adverse Benefit Determination . . . [a]fter the administrative appeal has been completed.").

## I. Exhaustion-Based Dismissal

The Murphy Practice argues that "because the burden of proving the failure to exhaust rests with the defendant, an ERISA plaintiff is not even required to plead that it exhausted its administrative remedies." Appellant's Br. at 19.[1] We disagree.

Although exhaustion is an affirmative defense, *Paese v. Hartford Life & Acc. Ins.*, 449 F.3d 435, 446 (2d Cir. 2006), we will affirm the dismissal of an ERISA claim at the pleadings stage when (1) the affirmative defense appears on the face of the complaint, (2) the plaintiff does not adequately allege exhaustion or concedes its failure to exhaust, and (3) the well-pleaded facts in the complaint do not sufficiently allege the futility of administrative remedies. *See, e.g.,*

---

[1] At oral argument, counsel for the Murphy Practice conceded its failure to exhaust.

*Diamond v. Loc. 807 Lab. Mgmt. Pension Fund*, 595 F. App'x 22, 25 (2d Cir. 2014) (summary order); *Leak v. CIGNA Healthcare*, 423 F. App'x 53, 53-54 (2d Cir. 2011) (summary order).

Facts necessary to establish the Fund's exhaustion defense are evident on the face of Plaintiffs' Amended Complaint. The Murphy Practice fails to allege that it took any of the steps required by the Fund's appeals process. Plaintiffs pleaded that they "appealed" claims that were denied or partially reimbursed through "correspondence" with the Fund. Joint App'x at 33. But mere "correspondence" does not satisfy the appeals procedure described in the Fund's SPDs. Plaintiffs also pleaded that they "appealed every claim submitted to the Fund, which were summarily denied." *Id.* at 14. That conclusory statement, offered without a single supporting fact relating to the alleged 324 denied or partially reimbursed claims, cannot meet Plaintiffs' pleading burden under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court thus properly dismissed the Amended Complaint based on the Murphy Practice's failure to plead exhaustion.

## II. Futility Exception

The Murphy Practice argues that its "amended complaint contains detailed allegations establishing that exhaustion would have been futile." But it fails to allege any non-conclusory facts, much less make a "clear and positive showing that pursuing available administrative remedies would be futile." *See Kennedy*, 989 F.2d at 594 (quotation marks omitted).

Plaintiffs' chief futility argument is that "the explanations of payment that [the Fund] provided the Murphy Practice in connection with the claims do not provide any information regarding [the Fund's] administrative exhaustion processes." The Amended Complaint alleges that the Fund's "Explanation of Payment" documents "did not provide any detailed instruction

4

regarding an administrative appeal process." This pleading does not support a futility exception. A futility exception to an appeal requirement ordinarily depends on the proposition that appeals are so routinely and uniformly denied that it is simply a waste of time and money to pursue them. *See, e.g.*, *Cottillion v. United Ref. Co.*, 781 F.3d 47, 55 (3d Cir. 2015) (affirming the district court's application of the futility exception in part because of "the absence of any evidence" that "appeal from [the plan administrator's] letter was anything other than time wasted"). The contention that one was prevented from appealing by being denied information about how to appeal is a different argument. *See, e.g.*, *Smith v. Blue Cross & Blue Shield United of Wis.*, 959 F.2d 655, 659 (7th Cir. 1992) (distinguishing the futility exception from another exception wherein "claimants are not required to appeal when there is a lack of meaningful access to the review procedures").

Regardless of whether Plaintiffs' objection is characterized as one of futility, or as a different sort of fairness-based objection, the argument fails because the Amended Complaint does not allege facts showing that the Fund's appeal requirements were not available to the Murphy Practice. Under the Fund's SPDs, the right to appeal a denial or partial reimbursement belongs to participants and beneficiaries—not to providers like the Murphy Practice. *See* Joint App'x at 706 ("Non-participating Providers have no independent right to appeal an Adverse Benefit Decision, and you cannot assign your right to appeal. However, you can authorize a Non-participating Provider to appeal on your behalf the Fund's determination of your plan benefits."). That is why the Fund's *members* received notices that detail the appeals procedure. Although the Murphy Practice had no right to demand that *the Fund* provide it with plan information,[2] it is

---

[2] The Murphy Practice nevertheless argues that it is a claimant "entitled to receive notice of the

5

undisputed that plan participants received documents explaining the appeals process and were free to share those documents with the Murphy Practice and authorize it to pursue the appeals process on their behalf. If the Murphy Practice failed to request those documents from its patients to inform it of how to appeal the denials, it has only itself to blame.

The Murphy Practice's other futility arguments also fail. It argues that exhaustion was futile because the Fund "rarely, if ever" complied with ERISA's claims-processing requirements and violated ERISA with "blanket denials" and "unjustifiable" records requests. It also claimed futility on the bases that the Fund used "incomprehensible gibberish in its benefit denials," deployed "unlawful measures to frustrate the [its] use of the Fund's claim submission process," and "reflexively denied thousands of claims for the exact same clearly reimbursable services." But the Murphy Practice failed to support these conclusory allegations of futility by pleading supporting facts. The claim therefore fails under *Iqbal*, 556 U.S. at 678. *See also Diamond*, 595 F. App'x at 25 ("[T]he conclusory allegations of [plaintiff's] complaint fail to sufficiently allege futility.").

Even if those accusations were supported by credible allegations (they are not), Plaintiffs' argument overlooks the fact that neither the SPDs nor ERISA creates substantive rights for external providers. The Murphy Practice cannot stand in the Fund members' shoes to plead futility for ERISA exhaustion purposes because it never alleged that members authorized it to represent them

plan's appeal and review procedures" under ERISA. Appellant's Br. at 22. It contends that the Families First Coronavirus Response Act and the Coronavirus Aid, Relief, and Economic Security Act transformed it into a claimant for ERISA purposes by mandating that benefit plans like the Fund reimburse COVID-19 testing and related services. *Id.* But the Murphy Practice fails to identify any provision of those statutes that turned providers into ERISA "claimants" without authorization of a plan member or beneficiary simply because they offered COVID-19 testing and related services.

6

in the appeals process, as required by the Fund's SPDs.  *See* Joint App'x at 706 ("[Y]ou can authorize a Non-participating Provider to appeal on your behalf the Fund's determination of your Plan benefits by signing a Benefit Fund Appeal Representation Authorization Form.").

The district court thus correctly rejected the Murphy Practice's unsupported futility arguments and properly dismissed the Amended Complaint on exhaustion grounds.

\* \* \*

We have considered the remainder of the Murphy Practice's arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7